IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA SCROGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1489-N |
| | § | |
| DALLAS AREA RAPID TRANSIT, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Dallas Area Rapid Transit's ("DART") motion for summary judgment [15]. Because Plaintiff Linda Scroggins has failed to raise a genuine dispute as to a fact necessary to establish a prima facie case in each of her claims, the Court grants the motion for summary judgment in its entirety.

## I. Origins of the Motion

This is an employment discrimination case. Scroggins has been employed by DART in numerous roles since 2008 and is currently employed as the senior manager of field and train operations. Pl.'s Compl. ¶ 9 [1]; Defs.' Mot. Br. [16]. Scroggins brought this lawsuit against DART alleging discrimination based on race and gender, hostile work environment, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). *Id.* ¶ 9. Scroggins is African American and female. *Id.* ¶ 9.

Specifically, Scroggins points to three events that occurred when she was employed as the interim assistant manager in the DART Rail Training and Development Department working under the direct supervision of a senior manager, Veronica O'Neal.

First, in August of 2021, Ms. O'Neal made statements to Scroggins and other employees in which O'Neal compared wearing a mask to prevent the spread of COVID-19 to engaging in protected sex to prevent sexually transmitted diseases ("STD"). *Id.* ¶ 13. Scroggins stated that these comments made her feel uneasy around Ms. O'Neal. *Id.* Scroggins and Ms. O'Neal were the only women in the group. *Id.*

Second, Scroggins met with O'Neal in August of 2021 to discuss complaints of Scroggins's team being overtasked and understaffed. Pl.'s Compl. ¶ 14. In that closed door meeting in O'Neal's office, O'Neal pointed her finger in Scroggins's face several times, told Scroggins that she was the reason the team was overtasked, and reduced Scroggins's job duties. *Id.*

Third, DART's Employee Labor Relations ("ELR") Department received a complaint arising from an incident in one of Scroggins's training classes. Pl.'s Compl. ¶ 17. She was subsequently placed on administrative leave with pay while ELR investigated the incident in accordance with the DART Administrative Employment Manual. Defs.' Mot. Br. ¶ 12. Scroggins complained to ELR that her work environment was hostile and that she believed DART placed her on administrative leave in retaliation for her complaints. *Id.* ¶¶ 11–13. ELR concluded that the complaint against Scroggins could not be substantiated, and she returned to work in September 2021. *Id.* ¶ 14. Furthermore, Scroggins contends that O'Neal created a hostile work environment by generally

MEMORANDUM OPINION AND ORDER – PAGE 2

intimidating employees, making jokes at Scroggins's expense, and speaking to her in an intimidating manner. Pl.'s Compl. ¶ 17-18.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Though Scroggins has not responded to DART's motion, summary judgment cannot be granted "merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The moving party still must meet its initial burden of informing the Court of the basis for its belief that there is no genuine issue of fact for trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), or that "there is an absence of evidence necessary to prove a specific element of the case." *Thomas v. Barton Lodge II, Ltd.*, 17 F.3d 636, 644 (5th Cir. 1999) (citing *id.* at 322–23). A party bringing a no-evidence motion must go beyond "mere conclusory statement[s]" to satisfy its burden under *Celotex*. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017).

The burden then shifts to the non-moving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Vedol v. Jacobs Ent., Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011) (quoting *Celotex*, 477 U.S. at 324 (internal quotation marks omitted)). Failure by the nonmovant to file a substantive response constitutes failure to carry that burden. *Id.*

### III. THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT

#### A. *Legal Standard under the* McDonnell Douglas *Framework*

The framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to race and sex discrimination and retaliation claims. Under *McDonnell Douglas*, Scroggins bears the initial burden of establishing a prima facie case of discrimination and retaliation. Once accomplished, the burden to produce — but not persuade — shifts to DART, which must provide a nondiscriminatory, nonretaliatory explanation for its actions. The burden then shifts back to Scroggins to raise a fact issue regarding whether DART's stated reasons for dismissal are pretextual. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08 (1993) and *Texas Dep't Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

#### B. *Scroggins Fails to Make a Prima Facie Case of Discrimination.*

First, Scroggins must establish a prima facie case of discrimination. A plaintiff must establish four elements for a prima facie case under the *McDonnell Douglas* framework: "(1) he is a member of a protected group; (2) he was qualified for his position; (3) he was discharged or suffered some other adverse employment action; and (4) he was replaced with a person outside of the protected class, or he was treated less favorably than similarly situated employees of a different race." *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 272–73 (5th Cir. 2006) (unpublished) (citing *McDonnell Douglas*, 411 U.S. 792 and *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001)).

MEMORANDUM OPINION AND ORDER – PAGE 4

Scroggins is a member of a protected class based on her race and gender identity. For the purposes of this motion, the Court assumes she was qualified for the position. However, Scroggins does not satisfy the third element because she has not presented evidence that O'Neal or DART treated her less favorably than similarly situated employees of a different race or gender. DART asserts that Scroggins was the only assistant manager tasked with unique duties and fails to identify any colleagues in similar job positions that were treated more favorably than her. Defs.' Mot. Br. ¶ 4. Failure to identify a potential comparator . . . 'alone justifies dismissal.'" *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017). Because Scroggins fails to produce evidence that she was treated worse than similarly situated employees outside of her protected class, DART is entitled to summary judgment on this claim.

### C. Scroggins Fails to Make a Prima Facie Case of a Hostile Work Environment.

To establish a prima facie case of gender or race discrimination on a hostile work environment theory, the plaintiff "must show that (1) she belongs to a protected class; (2) she was subjected to harassment; (3) the harassment was based on [her membership in a protected class]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1003 (5th Cir. 2022) (citing *Septimus v. Univ. of Hous.*, 399 F.3d 601, 611 (5th Cir. 2005)). To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Id.* (citing *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479 (5th Cir. 2008)).

Scroggins argues that she suffered a hostile work environment based on her gender because her male colleagues did not have similar experiences with O'Neal as the senior manager of the team. Pl.'s Compl. ¶ 18. Scroggins claims that O'Neal's comment comparing COVID-19 to an STD and the fact that O'Neal made jokes in the workplace at Scroggins's expense amount to harassment. Though these stray remarks may have made Scroggins uncomfortable, they are not severe or pervasive enough to create an abusive work environment. Moreover, Scroggins does not plead any specific instances of gender-based harassment. Scroggins's only basis for the belief that she was harassed based on her gender is the fact that she was the only female other than O'Neal on the management team. Scroggins Dep., Defs.' App. 040-041. Scroggins also fails to provide any evidence to support the assertion that she was harassed based on her race. The facts on the record, taken in the light most favorable to Scroggins, are insufficient to create a genuine dispute of material fact that Scroggins suffered a hostile work environment related to her protected characteristics.

### D.  *Scroggins Fails to Make a Prima Facie Case of Retaliation*

To establish a prima facie case of retaliation, Scroggins must show that "(1) [she] engaged in a protected activity; (2) [she was] subject to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action." *Hypolite v. City of Houston*, 493 F. App'x 597, 602 (5th Cir. 2012) (unpublished). "To constitute prohibited retaliation, an employment action must be 'materially adverse,' one that would 'dissuade a reasonable worker from making or supporting a charge of discrimination.'"

*Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Scroggins contends that O'Neal stripped Scroggins of some duties as interim assistant manager, investigated her, and placed her on administrative leave in retaliation for engaging in protected activity. She claims that she engaged in protected activity by filing an EEOC complaint and emailing Ms. O'Neal about staffing concerns. Pl.'s Compl. ¶¶ 19-20 [1]. However, each of her complaints of retaliation occurred in August of 2021, before Scroggins filed the EEOC complaint on February 17, 2022. Thus, Scroggins could not have suffered the complained of conduct in response to her EEOC complaint.

Additionally, Scroggins has not shown any evidence that the investigation in August of 2021 was retaliation for her complaints to O'Neal about being overtasked. DART asserts that the ELR department investigated Scroggins pursuant to DART's administrative employee manual following the complaint about her class, and that the investigation is standard procedure. Ramirez Aff., Defs.' App. 011. There is no evidence in the record to support Scroggins's assertion of retaliation. To the contrary, Scroggins received a promotion to a role as senior manager of field and train operations after she expressed her preference to no longer work under O'Neal's supervision. Defs.' App. 011. The evidence presented is insufficient to qualify as a materially adverse employment action. Therefore, Scroggins cannot sustain her claim of retaliation.

## CONCLUSION

DART has carried its burden as the movant for summary judgment by asserting that Scroggins lacks evidence to support specific elements of each of her claims. Because

MEMORANDUM OPINION AND ORDER – PAGE 7

Scroggins has not raised a genuine issue of material fact, the Court grants summary judgment to DART on these claims.

Signed September 15, 2025.

_____
David C. Godbey
United States District Judge